```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   FORT SMITH DIVISION


JANICE KNOLLENBERG                                    PLAINTIFF

     v.                   Civ. No. 2:05-CV-2044

WYETH d/b/a/ WYETH, INC. d/b/a WYETH
PHARMACEUTICALS and PFIZER, INC.,
Individually and as Successor-in-interest to
PHARMACIA & UPJOHN COMPANY and
THE UPJOHN COMPANY                                   DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Motion for Summary Judgment (Doc. 32) and Brief in Support (Doc. 33), Plaintiff's Response in Opposition (Doc. 41), and Defendants' Response in Support (Doc. 45). For the reasons reflected below, Defendants' Motion (Doc. 32) is **GRANTED**.

### I. Background

Plaintiff contends that her use of the hormone replacement therapy ("HRT") drugs Premarin and Provera, manufactured by Defendants, caused her breast cancer and that Defendants failed to adequately test the products, warn of the risks, and market the products appropriately. Defendants deny that their products caused Plaintiff's breast cancer and contend that their products were appropriately tested, labeled, and marked.

Plaintiff was a resident of California for nearly 60 years before moving to Arkansas in 1995. In the mid-1980s Plaintiff was living in California when she began using the HRT drugs Premarin

and Provera for the treatment of menopausal symptoms.  Plaintiff discontinued HRT when she was diagnosed with breast cancer in 1993 in California.  Plaintiff filed her Complaint against Defendants more than two years after the public announcement on July 9, 2002, that the National Institutes of Health had determined that preliminary data from a large-scale, controlled study showed that ingestion of certain HRT drugs posed a risk of breast cancer in women.

Plaintiff in her First Amended Complaint (Doc. 41-3) asserts claims against Defendants for negligence, gross negligence/malice, strict product liability, fraud and constructive fraud, breach of express warranty, breach of implied warranty, and violation of the Arkansas Deceptive Trade Practices Act.  The parties agree that California law applies in this case, as the allegedly tortious behavior and resulting injury complained of by Plaintiff occurred exclusively in California.

Defendants' sole basis for their Motion for Summary Judgment is that California's two-year statute of limitations for personal injury, codified at Cal. Code Civ. Proc. § 335.1, bars all of Plaintiff's claims.  Plaintiff replies that her claims were tolled by the previous filing of a nationwide class action in which Plaintiff was a putative class member.  She further argues that her claims for fraud and constructive fraud are governed by a three-year limitations period, rather than a two-year limitations period,

and are timely filed.  Finally, Plaintiff contends that summary judgment at this stage in the litigation would be premature because case-specific discovery needs to be completed.  The Court will address all of these arguments.

## II.  Legal Standard

In determining whether summary judgment is appropriate, the moving party bears the burden of establishing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). Summary judgment is only appropriate when the dispute may be decided on purely legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 19878).  The Court must review the facts in a light most favorable to the party opposing a motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.,* 135 F.3d 1211, 1212-13 (8th Cir. 1998) *(*citing *Buller v. Buechler,* 706 F.2d 844, 846 (8th Cir. 1983)*.*

## III. Discussion

Plaintiff contends that Defendants' Motion must be denied because the filing of a national class action of which Plaintiff was a putative member tolled the running of the limitations period.

On July 15, 2002, a national class action complaint in *Lewers v. Wyeth* (Doc. 41-4) was filed in the Northern District of Illinois alleging damages arising from the use of HRT drugs.  The case was transferred to the Multi-District Litigation docket in the Eastern District of Arkansas, along with all other pending HRT cases, and was voluntarily dismissed on May 21, 2003.  Plaintiff asserts that the *Lewers v. Wyeth* case put Defendants on notice of the substance and nature of the claims against them and tolled the limitations period.

Taking the allegations asserted in the Complaint as true, as the Court is required to do, the Plaintiff consumed the same drugs as were at issue in the *Lewers* case (specifically, the drug Prempro, which according to Plaintiff is composed of a combination of Premarin and Provera).  However, the Court finds that Plaintiff would not have been a putative member of the plaintiff class in the *Lewers* case, for the *Lewers* class was defined as "all persons in the United States who took or purchased Prempro after November 17, 1995."  Doc. 41-4, p. 12.   Plaintiff admits that she ingested the HRT drugs that allegedly caused her to develop cancer before 1993.  After being diagnosed with cancer in 1993, she no longer took HRT drugs; therefore, she could not have been a putative class member in *Lewers*.

Accordingly, Defendants are correct that the event that triggered the statute of limitations is the date on which the

4

National Institutes of Health published a study disclosing the link between HRT drugs and cancer on July 9, 2002. Plaintiff's suit should have been filed no later than July of 2004, but it was not filed until eight months later, in March of 2005.

Plaintiff now asks the Court to make an exception to the two-year limitations rule and preserve her fraud and constructive fraud claims because those are purportedly governed by a three-year limitations period under California law (Cal. Code. Civ. Proc. § 338(d)). However, all of Plaintiff's claims are related to personal injury based on defective products and are subject to the two-year statute of limitations. Prior to the enactment of Cal. Code Civ. Proc. § 335.1 in 2003, California had a one-year statute of limitations for personal injury, codified at Cal. Code Civ. Proc. § 340(3)(2001). California courts interpreting the former one-year statute of limitations "look[ed] to the nature of the rights sued upon rather than to the form of action or to the relief demanded." *Rivas v. Safety-Kleen Corp.*, 119 Cal. Rptr. 2d 503, 512 (Cal. Ct. App. 2002). Even though a products liability lawsuit may assert separate fraud claims for failure to warn and fraudulent concealment, the styling of the claims does not alter the fact that the lawsuit is one for personal injury due to an allegedly defective product. *See Weinstock v. Eissler*, Cal. App. 2d 212 (Cal. 1963) (statute of limitations on personal injury due to faulty product applies to all causes of action based on false

5

representations or fraudulent concealment of nature and extent of injury); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (statute of limitations "bars untimely personal injury claims based on defective products regardless of the particular legal theory invoked"); *Jefferson v. French Co.*, 54 Cal. 2d 717, 718 (1960) (". . . the nature of the right sued upon, not the form of the action or the relief demanded, determines the applicability of the statute of limitations").

In view of California law regarding the applicability of the two-year limitations period on product liability lawsuits, Plaintiff's claims governed by California law are time-barred.[1]

As for Plaintiff's argument that case-specific discovery is

---

[1] Plaintiff's claim that Defendants violated the Arkansas Deceptive Trade Practices Act (A.C.A. § 4-88-101, *et seq*.) is dismissed *sua sponte* due to Plaintiff's lack of standing. Plaintiff is currently a resident of Arkansas, but she concedes that she purchased and consumed all allegedly defective HRT drugs in question in California, not in Arkansas. She further admits that she stopped taking the drugs in question after she was diagnosed with cancer, again while she was living exclusively in California. Therefore, Plaintiff lacks standing to assert a claim under the ADTPA because she did not purchase, consume, or sustain injury due to products that were advertised, manufactured, purchased, or sold in Arkansas. It is well settled that a court may dismiss a claim *sua sponte* due to a party's lack of standing to assert that claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992) ("[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III"); *Adarand Construction, Inc. v. Mineta*, 534 U.S. 103, 109 (2001) (a court is "obliged to examine standing *sua sponte* where standing has erroneously been assumed..."); *Meuir v. Greene County Jail Employees*, 487 F.3d 1115, 1119 (8th Cir. 2007); *Mayo v. Norris*, 2009 WL 4730687 (E.D. Ark. Dec. 4, 2009) (party dismissed *sua sponte* for lack of standing, even though issue of standing was not raised by defendants in their motion to dismiss).

ongoing and summary judgment is premature, Plaintiff has failed to identify what remaining facts that would be necessary to respond to the instant Motion.  It appears to the Court that extensive fact discovery has taken place in this 2005 case, especially considering the Court's review of the hundreds of pages of depositions and other documents attached to both the Motion for Summary Judgment and Plaintiff's Response.

**IV. Conclusion**

Accordingly, Defendants' Motion for Summary Judgment (Doc. 32) is **GRANTED**.   This case is dismissed with prejudice with all parties directed to bear their own fees and costs.

**IT IS SO ORDERED** this 7th day of November 2011.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge